# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| FRED E. CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV736 JCH |
| | ) | |
| FRANK BONMARITO OLDS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's submission of a complaint and motion for leave to proceed in forma pauperis. Plaintiff seeks to overturn a 2009 judgment entered in this Court is Christian v. Bonmarito Infiniti, 4:08CV1423 JCH (E.D. Mo.). This is the second time plaintiff has brought a frivolous action attempting to overturn the judgment. See Christian v. Frank Bonmarito Olds, Inc., 4:13CV464 JCH. Having reviewed the case, the Court finds that plaintiff is abusing the in forma pauperis statute and the processes of the Court. As a result, the Court will deny plaintiff's motion for leave to proceed in forma pauperis. Plaintiff may only proceed with this action if he pays the $350 filing fee within fourteen days of today's date.

The Court notes that plaintiff has been harassing the staff of the Court Clerk's office in relation to his pending and closed cases. Plaintiff demands that staff fulfill his arbitrary and frivolous requests, and he is contumacious and difficult when his requests are denied.

The Court "is vested with discretion to impose sanctions upon a party under its inherent disciplinary power." Bass v. General Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998). "[J]udicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) (citations omitted). "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." Id. (citations omitted).

In the instant case, the Court will not permit plaintiff to proceed in forma pauperis as a sanction for filing repetitive and frivolous lawsuits under 28 U.S.C. § 1915. Doing so is malicious. If plaintiff continues to file such claims, or if he continues to harass the Court's staff, the Court may impose future sanctions on plaintiff limiting his ability to file cases or proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $350 filing fee within fourteen (14) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely pay the fee, the Court will dismiss this action without further proceedings.

Dated this 22nd day of April, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE